UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23197-CIV-ALTONAGA/Damian

**PREPARED FOOD PHOTOS, INC.**,

    Plaintiff,
v.

**MIAMI BEACH 411 CORPORATION**,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon Plaintiff, Prepared Food Photos, Inc.'s Motion for Default Final Judgment [ECF No. 11], filed on November 4, 2022. Plaintiff seeks entry of a default final judgment against Defendant, Miami Beach 411 Corporation on a claim that Defendant operates a commercial website that infringes Plaintiff's trademarked photograph. (*See generally id.*). Plaintiff requests that the Court: (1) award actual damages and costs; and (2) enjoin Defendant from infringing Plaintiff's copyright and from using any of Plaintiff's photographs. (*See id.*).

A Clerk's Default [ECF No. 8] was entered against Defendant on October 28, 2022, after Defendant failed to respond to the Complaint [ECF No. 1], despite having been served. (*See* Return of Service [ECF No. 5] 1).[1] The Court has carefully considered the Motion, the record, and applicable law.

**I. BACKGROUND**[2]

Plaintiff licenses professional photographs for the food industry. (*See* Mot. ¶ 5). Plaintiff

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] The background is taken from Plaintiff's Motion and supporting Declaration.

operates a subscription business model whereby it charges clients a minimum monthly fee of $999.00 for access to its library of professional photographs. (*See id.* ¶¶ 5–7). Plaintiff's standard licensing terms require a minimum of a twelve (12) month licensing commitment. (*See id.* ¶ 7). Plaintiff's business model relies on recurring subscriptions to financially maintain its portfolio. (*See id.* ¶ 8). Plaintiff serves as a licensing agent and owns each of the photographs available for license, with standard terms that include a limited, non-transferable license for use of any photograph by customers. (*See id.* ¶ 10).

The photo at issue is titled "ShrimpCocktail015_ADL" (the "Work") and is available for license as part of Plaintiff's photograph library. (*See id.* ¶ 11). The Work was registered by Plaintiff (under a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on May 15, 2017 and was assigned Registration No. VA 2-055-102. (*See id.* ¶ 12; Compl., Ex. A, Certificate of Registration [ECF No. 1-1] 2).

Defendant is a travel company, providing bus tours in Florida, as well as online advice, support, and news about Miami and nearby cities. (*See* Mot. ¶ 13). As early as January 12, 2017 (prior to Plaintiff's copyright registration), Defendant published the Work on its website in connection with the marketing of "Monty's Raw Bar" restaurant. (*Id.* ¶ 15). Defendant is not and has never been licensed to use or display the Work and never contacted Plaintiff to seek permission to use the Work. (*See id.* ¶ 17). Nevertheless, Defendant utilized the Work for commercial use. (*See id.* ¶ 18).

Plaintiff first discovered Defendant's unauthorized use of the Work on October 4, 2019. (*See id.* ¶¶ 19–22). Following this discovery, Plaintiff sent at least one (1) infringement notice to Defendant, but Defendant ignored the notice(s) and did not otherwise respond to Plaintiff. (*See*

*id*. ¶ 23). Subsequently, Plaintiff retained counsel to pursue this matter, and Plaintiff (through counsel) sent (via USPS and e-mail) an infringement notice to Defendant to notify it of the impermissible use and a subsequent e-mail to Defendant to negotiate a reasonable license for the use of the Work, but these communications went unanswered. (*See id.* ¶ 24). Plaintiff now seeks a default judgment against Defendant on the one claim asserted in the Complaint: copyright infringement in violation of the Copyright Act, 17 U.S.C. section 501. (*See id.* ¶¶ 22–33).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth two steps to obtain a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court may enter a default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the Clerk's default, the Court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent. *See* Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The Court must review the sufficiency of the complaint before determining if a moving party is entitled to default judgment. *See U.S. v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to show its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the admitted facts are enough to establish liability, the Court must then ascertain the appropriate amount of damages

and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206. An evidentiary hearing on damages is not required by Rule 55, and it is within the Court's discretion to choose whether to hold such a hearing. *See* Fed. R. Civ. P. 55(b)(2); *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

### III.  DISCUSSION

The Copyright Act, 17 U.S.C. section 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. sections 106–122] or of the author as provided in section 106A(a) [17 U.S.C. section 106A(a)] . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a) (alterations added). "Copyright infringement has two elements: (1) ownership of a valid copyright, and (2) copying of protectable elements." *Home Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1320 (11th Cir. 2016).

With respect to the first element, a certificate of registration "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c) (alteration added). "Once a plaintiff produces a valid registration, the burden shifts to the defendant to establish that the work in which the copyright claimed is unprotectable." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010). Here, Plaintiff registered the Work under 17 U.S.C. section 411(a) with the Register of Copyrights on May 15, 2017 and was assigned Registration No. VA 2-055-102. (*See* Certificate of Registration 2). By virtue of its default, Defendant does not have any right to challenge Plaintiff's registration and ownership of a valid copyright.

The copying element of an infringement claim has two components. *See Latimer v.*

*Roaring Toyz, Inc.*, 601 F.3d 1224, 1232 (11th Cir. 2010). First, a plaintiff must demonstrate that a defendant copied the plaintiff's work as a factual matter. *See id.* Second, the plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Id.* at 1233.

Here, the screenshot of Defendant's website shows Defendant's copying of the Work. (*See* Mot. ¶ 15). Defendant's default further constitutes an admission as to such copying. There is no factual or subjective issue of "substantial similarity," as Defendant copied and published a duplicate image of the Work. Thus, Defendant clearly copied Plaintiff's copyrighted Work, and a final default judgment should be entered against Defendant on the Complaint's singular claim.

Under 17 U.S.C. section 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement."[3] Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement[,]" which "includes lost sales, lost opportunities to license, or diminution in the value of the copyright." *Ermert v. Boca Dental Supply, LLC*, No. 18-81666-cv, 2019 WL 7837289, at *2 (S.D. Fla. Mar. 29, 2019) (alteration added; citations and quotation marks omitted).

The copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. *See id.* To demonstrate entitlement to a reasonable license fee, the fair market value of an infringed work may be established by "evidence of benchmark licenses, that is, what licensors have paid for use of similar work." *Thornton v. J. Jargon Co.*, 580 F. Supp. 2d 1261, 1276–77 (M.D. Fla. 2008) (citations omitted).

As set forth above and in the declaration of Plaintiff's Secretary, Rebecca Jones, Plaintiff exclusively operates on a subscription basis whereby it provides numerous clients access to its

---

[3] Because the Work was published to Defendant's website at least as far back as January 2017 (before copyright registration), Plaintiff is not entitled to statutory damages under 17 U.S.C. section 504.

photograph library at a minimum of $999.00 per month with a minimum twelve (12) month contract commitment — in other words, a licensee must pay at least $11,988.00 for access to any of Plaintiff's photographs for anywhere from one day to one year. (*See* Mot., Ex. A, Jones Decl. [ECF 11-1] ¶¶ 4–5, 7). Generally, Plaintiff does not license individual photographs so as not to diminish the value of Plaintiff's subscription model. (*See id.* ¶ 8).

As discussed, Plaintiff first discovered Defendant's infringement of the Work on October 4, 2019, at which time the Work was published on Defendant's website. (*See id.* ¶ 18). Defendant has published and displayed the Work on its website since at least January 2017. (*See* Mot. ¶ 15). Defendant's failure to participate in this lawsuit has limited Plaintiff's ability to conduct discovery to fully discover the extent of its infringement and/or the exact date on which the Work was uploaded and removed from Defendant's website. Yet, because the Work was published from at least January 2017 through at least October 2019, a minimum 3-year license for the Work would apply.

Another court in this District found the same yearly $11,988.00 license estimate to be a useful tool to properly calculate Plaintiff's damages.

> Here, Plaintiff provides access to its library at a price $999.00 per month with a minimum twelve-month contract commitment, meaning, a licensee must pay $11,988 for access to any of Plaintiff's photographs for any amount of time within a one-year period. Plaintiff has numerous clients who pay this annual subscription fee. While that demonstrates that licensors have indeed licensed its library on an annual basis for $11,988, it is unclear whether any licensor has paid that amount to utilize a single photograph in the library. Nevertheless, I find $11,988 to be a useful proxy given the below-described difficulties in calculating with precision Plaintiff's actual damages.

*Prepared Food Photos, Inc. v. Patriot Fine Foods LLC*, No. 21-82129-cv, Order on Motion for Default Final Judgment [ECF No. 14] filed March 22, 2022 (S.D. Fla. 2022) (citations omitted).

Defendant's inaction and refusal to participate in this lawsuit suppressed the information

necessary to fully calculate Plaintiff's actual damages and prevented Plaintiff from discovering any profits received by Defendant that would be recoverable under 17 U.S.C. section 504(b) in addition to Plaintiff's actual losses.  To establish Defendant's profits subject to disgorgement under section 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work."  17 U.S.C. § 504(b).  Defendant solely controls all information concerning its gross revenue related to its infringing uses of the Work, and it has stymied Plaintiff's ability to present that evidence to the Court.

Given the above, a useful proxy of actual damages is the $11,988.00 annual cost for licensing any image from Plaintiff's library multiplied by the number of years that the Work is known to have been used by Defendant.  As a result, Defendant owes Plaintiff three (3) years of licensing fees in a total amount of $35,964.00, which is the $11,988.00 annual cost multiplied by three (3) years of use.

Plaintiff asks that the Court "award Plaintiff its costs (as set forth in the attached Bill of Costs)," yet it does not describe those costs, nor does Plaintiff supply a bill of costs.  (Mot. 13). Furthermore, Plaintiff's proposed order for the Motion simply states that costs are $457.00 with no explanation given.  (*See* Mot., Att. 2, Proposed Order [ECF No. 11-2] 12).  Accordingly, Plaintiff has not provided any justification for those costs.

Plaintiff also seeks a permanent injunction under 17 U.S.C. section 502(a), which provides that "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502 (alteration added).  Injunctions are regularly issued under Section 502 because "the public interest

is the interest in upholding copyright protections[,]" and courts also regularly issue injunctions as part of default judgements. *Arista Recs., Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (alteration added; quotation marks and citations omitted).

Here, Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff, such that Plaintiff has no adequate remedy at law. For example, the ability of Defendant to use Plaintiff's Work for its own commercial benefit without compensation to Plaintiff greatly impairs the market value of the Work, since others competing in that business or in related business areas will not want to obtain a license to Plaintiff's work if it is already associated with a competing business; and potential licensees of Plaintiff will not want to pay license fees to Plaintiff if they see other commercial enterprises taking and using Plaintiff's photographs for their own commercial purposes without paying any fee at all. The Court may fashion injunctive relief to eliminate how Defendant is conducting its unlawful activities.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff is entitled to the entry of final default judgment. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Final Judgment **[ECF No. 11]** is **GRANTED in part** and **DENIED in part**. Final judgment and a permanent injunction shall be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 28th day of November, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record