UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23197-CIV-ALTONAGA/DAMIAN

PREPARED FOOD PHOTOS, INC.,

    Plaintiff,

v.

MIAMI BEACH 411 CORPORATION,

    Defendant.
_____/

**REPORT AND RECOMMENDATION FOLLOWING SHOW CAUSE HEARING**

THIS CAUSE came before the Court after Defendant, Miami Beach 411 Corporation ("Defendant"), violated several Court Orders, *see* ECF Nos. 13, 16, and 19, and failed to appear at a Show Cause Hearing before the undersigned on September 5, 2023.[1]

## I. CERTIFICATION OF FACTS

The undersigned certifies the following facts:[2] On November 28, 2022, the Court entered Final Judgment for Plaintiff and against Defendant in the amount of $35,964.00 plus post-judgment interest and permanently enjoined Defendant from "(a) directly or indirectly infringing Plaintiff's copyright or continuing to market, offer, sell, dispose of, license, lease,

---

[1] This matter was referred to the undersigned pursuant to an Order of Reference entered by the Honorable Cecilia M. Altonaga, Chief United States District Judge, to take all necessary and proper action as required by law. [ECF No. 18].

[2] In civil cases where the parties have not consented to final judgment by a Magistrate Judge, upon commission of an act constituting contempt, "the magistrate judge shall forthwith certify the facts to a district judge" who may then decide whether the act warrants punishment. 28 U.S.C. § 636(e)(6)(B).

transfer, publicly display, advertise, reproduce, develop, or manufacture any work derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff." [ECF No. 13]. In the Final Judgment, the Court also ordered Defendant to complete under oath a Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet) and serve it on Plaintiff's counsel within forty-five (45) days from the date of the Final Judgment. *Id.* Defendant failed to comply with the Court's November 28, 2022 Order by failing to complete the Fact Information Sheet and serve it on Plaintiff's counsel. *See* [ECF No. 17].

Plaintiff also served post-judgment discovery requests on Defendant, and Defendant failed to respond. *See* [ECF No. 14]. In light of the foregoing, on June 26, 2023, Plaintiff filed a Motion to Compel Post-Judgment Discovery Responses. *Id.* In the Motion, Plaintiff sought an order directing Defendant to respond to Plaintiff's First Request for Production in Aid of Execution and Plaintiff's First Set of Interrogatories in Aid of Execution (the "Post-Judgment Discovery Requests") and awarding Plaintiff fees and costs incurred in connection with the motion. *Id*. Defendant did not file a response to the Motion to Compel within the time allotted by the Local Rules, nor did it request additional time within which to do so.

Thereafter, on July 14, 2023, the undersigned granted the Motion to Compel by default[3] and directed Defendant to serve its written responses to the Post-Judgment Discovery Requests and to produce all documents responsive to such requests within fourteen (14) days

---

[3] Pursuant to Rule 7.1(c) of the Local Rules for the Southern District of Florida, failure to respond "may be deemed sufficient cause for granting the motion by default."

of the date of the Order. [ECF No. 16]. The undersigned warned Defendant that failure to comply with the Order may result in a finding of contempt or other sanctions being imposed to enforce the terms of the Order. *Id.*

On August 3, 2023, Plaintiff filed a Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt indicating that Defendant had failed to serve responses to the Post-Judgment Discovery Requests and had not produced any document responsive to such requests within the time allotted by the Court and was therefore in direct violation of this Court's July 14, 2023 Order. [ECF No. 17]. In the August 3, 2023 Motion, Plaintiff certified that it had served a copy of the Motion on Defendant by U.S. Mail and email. *Id.*

Based on the foregoing, on August 9, 2023, the undersigned found that Defendant was in violation of the Court's Orders (ECF Nos. 13 and 17) and entered an Order to Show Cause directing Defendant to appear before the undersigned on September 5, 2023, to show cause why an order finding it in civil contempt for failure to comply with the Court's Orders should not be entered against it. [ECF No. 19]. The undersigned further ordered Plaintiff's counsel to serve a copy of the Show Cause Order on Defendant through certified mail or other method requiring signature and proof of delivery and to file a notice of compliance evidencing service on Defendant. *Id.* The undersigned again warned Defendant that failure to comply with the Order may result in a finding of civil contempt or other sanctions imposed. *Id.*

On August 15, 2023, Plaintiff filed a Notice of Compliance, indicating that it successfully provided the Show Cause Order to Defendant by email to travel@miamibeach411.com and by U.S. Mail and FedEx to Defendant's address at 1521 Alton Road, Suite 233, Miami Beach, Florida 33139, as well as to Defendant's registered agent at 13611 South Dixie Highway, Suite 109-371, Miami, Florida 33176. [ECF No. 20].

3

Plaintiff attached the FedEx proofs of deliveries to the Notice which reflect the Show Cause Order was accepted and signed for at Defendant's address in Miami Beach, Florida [ECF No. 20-1] and at Defendant's registered agent's address in Miami, Florida [ECF No. 20-2].

Despite having been given notice of the hearing, Defendant failed to respond to the Show Cause Order and did not appear for the Show Cause Hearing on September 5, 2023. During the hearing, Plaintiff's counsel informed the undersigned that all efforts to contact Defendant have been unsuccessful.

## II.     RELEVENT LEGAL STANDARDS

### A. *The Court's Inherent Authority To Issue Contempt Orders*

This Court has the inherent authority to enforce its own orders by the exercise of contempt powers. *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their legal orders through civil contempt.")). Where a party continuously violates, disobeys, or otherwise ignores a valid court order, that party may be subject to being held in contempt of court and have fines, fees, and costs assessed against them. *See Brother v. BFP Invs., Ltd.*, No. 03-60129-CIV, 2010 WL 2978080, at *5–7 (S.D. Fla. July 26, 2010) (Marra, J.).

When fashioning an equitable remedy for civil contempt, district courts enjoy "wide discretion." *McGregor v. Chierico*, 206 F.3d 1378, 1385 n.5 (11th Cir. 2000); *United States v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir. 1999); *Citronelle–Mobile*, 943 F.2d at 1304. Appropriate sanctions for civil contempt include: (1) a coercive fine, (2) a compensatory fine, (3) attorney's fees and costs, and (4) coercive incarceration. *Citronelle–Mobile*, 943 F.2d at 1304 (citations omitted). But a court's discretion is not unfettered, and sanctions imposed to coerce

compliance may not be any greater than necessary to ensure compliance. *See Jove Eng'g, Inc. v. Internal Revenue Service*, 92 F. 3d 1539, 1558 (11th Cir. 1996). "And of course, civil contempt sanctions must always give to the contemnor the opportunity to bring himself into compliance by 'satisfy[ing] the trial court that he [is] no longer in violation of the . . . order and that he would in good faith thereafter comply with the terms of the order.'" *Lodge v. H.U.M. Larroc, Inc.*, No. 18-63123-CIV, 2019 WL 13256718, at *2 (Nov. 4, 2019) (Cohn, J.) (quoting *Lance v. Plummer*, 353 F.2d 585, 592 (5th Cir. 1965)).

Furthermore, as the order that Defendant has disobeyed is in connection with a judgment, Federal Rule of Civil Procedure 70(e) provides that when a party disobeys a lawful order, a district court may "hold the disobedient party in contempt." Fed. R. Civ. P. 70(e); *see also TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 103 F. Supp. 3d 1357, 1360 (S.D. Fla. 2015) (Moore, J.) (citations omitted).

### B. Establishing A Finding Of Civil Contempt

The party seeking civil contempt must show by clear and convincing evidence that the alleged contemnor violated the court's prior orders. *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (citing *United States v. Roberts*, 858 F.2d 698 (11th Cir. 1988)). "This requires proving that (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *S.E.C. v. Greenberg*, 105 F. Supp. 3d 1342, 1345 (S.D. Fla. 2015) (Hurley, J.) (quoting *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007)). "To meet the initial burden for a finding of civil contempt, a moving party need only show that defendant failed to comply with the court's order." *Van De Velde NV v. Felder*, 15- 24096-CIV, 2017 WL 8895345, at *2 (S.D. Fla. May 25, 2017) (Goodman, J.) (*citing United States v. Rylander*, 460 U.S. 752, 755 (1983)), *report*

*and recommendation adopted*, 2017 WL 8895340 (S.D. Fla. June 16, 2017) (Lenard, J.). Thereafter, the burden shifts to the alleged contemnor to produce detailed evidence explaining why it cannot comply, which requires more than a mere assertion of inability to comply. *Roberts*, 858 F.2d at 701. The alleged contemnor must show that it has, in good faith, made all reasonable efforts to comply with the order. *Id.*; *Chairs*, 143 F.3d at 1436. If a sufficient showing is made, the burden shifts back to the party seeking to show contempt to prove the alleged contemnor's ability to comply with the court's order. *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992).

### III.   FINDINGS

Based on the foregoing certified facts, the undersigned finds that Plaintiff has shown by clear and convincing evidence that Defendant failed to comply with multiple lawful and valid Orders. First, Defendant failed to comply with the Court's directive in the Final Judgment to complete the Fact Information Sheet within the time allotted therein. [ECF No. 13]. Second, Defendant failed to comply with the Court's Order directing it to respond to Plaintiff's Post-Judgment Discovery Requests by July 28, 2023. [ECF No. 17]. Lastly, Defendant failed to appear at the September 5, 2023, Show Cause Hearing or to request to be excused for any reason. [ECF Nos. 19 and 22].

Therefore, Plaintiff satisfied its initial burden to show that Defendant failed to comply with several court orders, and, as such, the burden shifted to Defendant to show why it should not be found in contempt for failure to comply with the Court's Orders. *See Roberts*, 858 F.2d at 701. As set forth above, the Court ordered Defendant to appear before the undersigned on September 5, 2023, to show cause why an order finding it in civil contempt should not be entered against it, and, in that Order, the Court emphasized that failure to comply may result

6

in the Court finding Defendant in civil contempt and imposing sanctions against it. *See* ECF Nos. 13, 16, and 19. Defendant failed to respond or appear before the undersigned, despite evidence filed by Plaintiff demonstrating that Defendant was served with and was on notice of the Show Cause Hearing. *See* ECF No. 20.

In sum, the undersigned finds, based on the above, that Plaintiff has shown by clear and convincing evidence that Defendant violated the Court's Show Cause Order and has not made "all reasonable efforts" to comply with the Court's Orders requiring Defendant to submit to Plaintiff a completed Fact Information Sheet and responses to Plaintiff's Post-Judgment Discovery Requests. Therefore, under the circumstances presented, Defendant should be held in contempt and have fines, fees, and costs assessed against it.

## IV. RECOMMENDATION AND ORDER

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. Find Defendant, Miami Beach 411 Corporation, in civil contempt for its failure to comply with the Court's Orders requiring it to submit a completed Fact Information Sheet [ECF No. 13], to serve responses to Plaintiff's Post-Judgment Discovery Requests [ECF No. 16], and to appear before the Court for a show cause hearing [ECF No. 19];

2. Impose a fine of $50.00 per day upon Defendant until it purges itself of the contempt; and

3. Upon a finding of civil contempt, award Plaintiff its reasonable costs, including attorney's fees, as a sanction for Defendant's failure to comply with the Court's Orders.

Further, it is hereby

**ORDERED** that Plaintiff's counsel shall serve a copy of this Report and Recommendation on Defendant through certified mail (or another service providing for tracking and requiring a signature upon receipt) and shall file a notice of compliance that includes a copy of a document evidencing receipt by Defendant.

The parties will have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Cecilia M. Altonaga, Chief United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 13th day of September, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Cecilia M. Altonaga, *Chief U.S. District Judge*
Counsel of Record